# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WILSON, | : | Civil No. 3:18-cv-1637 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| LAWRENCE P. MAHALLY, et al., | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff Kevin Wilson ("Plaintiff"), an inmate who, at all relevant times, was housed at the State Correctional Institution, Dallas, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Superintendent Mahally, and Correctional Officers Grommel and Wilson. Presently pending before the Court is Defendants' motion to partially dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 18). For the reasons set forth below, the Court will grant the motion.

### II. Motion to Dismiss Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Allegations of the Complaint

Plaintiff alleges that on February 3, 2018, two unidentified inmates attacked him with a metal shank and razor blade when he was using the telephone. (Doc. 1, pp. 2-3, ¶¶ 1-2). Correctional officers Grommel and Wilson allegedly told the inmates to "stop fighting," but did not intervene during the attack. (*Id.* at p. 3, ¶ 3). Plaintiff alleges that the attackers ran away, but Defendants Grommel and Wilson did not call for medical attention after the attack. (*Id.* at p. 4, ¶¶ 5-7).

Shortly thereafter, the two unidentified inmates allegedly returned and attacked Plaintiff a second time in the telephone room. (*Id.* at p. 4, ¶¶ 8-12). Defendants Grommel

3

and Wilson called for backup and medical assistance. (*Id.* at p. 4, ¶¶ 10, 12).

Following the attacks, Plaintiff was transported to the Wilkes-Barre General Hospital and placed in the Intensive Care Unit for one night. (*Id.* at p. 4, ¶¶ 12-13). On February 4, 2018, Plaintiff was transported back to SCI-Dallas and placed in the institution infirmary until February 8, 2018. (*Id.* at p. 4, ¶ 14).

On February 4, 2018, Defendant Wilson issued a misconduct charging Plaintiff with fighting with another inmate. (*Id.* at p. 5, ¶ 15). Plaintiff was found guilty of this "false misconduct charge" and was placed in the Restricted Housing Unit ("RHU") for ninety days. (*Id.* at p. 5, ¶ 17). The two inmates that attacked Plaintiff were ultimately identified, charged with assault, and placed in the RHU for ninety days. (*Id.* at p. 5, ¶¶ 18-19).

Plaintiff filed grievances related to the "actions and inactions" of Defendants Grommel and Wilson. (*Id.* at p. 5, ¶¶ 20-22).

## IV. Discussion

### A. Claims against Defendant Mahally

Defendants argue that Plaintiff failed to state a claim against Superintendent Mahally because he lacks personal involvement in the alleged wrongs, and because the allegations against him are based solely on the doctrine of *respondeat superior*. (Doc. 19, pp. 3-4). The Court agrees.

Individual liability can be imposed under section 1983 only if the state actor played

an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

The only allegations against Defendant Mahally are that he "fail[ed] to properly train staff, and fail[ed] to supervise and discipline staff." (Doc. 1, p. 7, ¶ 7). The complaint is devoid of any factual allegations establishing the personal involvement of Defendant Mahally. It appears that Plaintiff attempts to hold Defendant Mahally liable based on his supervisory role. However, it is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207. Accordingly, insofar as Plaintiff's claims rely on a *respondeat*

5

*superior* theory of liability against Defendant Mahally, these claims will be dismissed.

Furthermore, to the extent that Plaintiff attempts to hold Defendant Mahally liable based on his involvement in the grievance procedure, this claim also fails. Inmates do not have a constitutional right to prison grievance procedures. *Lions v. Wetzel*, 2015 WL 2131572, at *6 (M.D. Pa. 2015). The filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. *See Rode*, 845 F.2d 1195, 1207 (3d Cir. 1998) (supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement); *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation). Thus, any attempt to establish liability against Defendant Mahally based upon his involvement in the grievance process does not support a constitutional claim. *See*

*Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for liability). As such, the Court will dismiss all claims against Defendant Mahally.

### B.   Misconduct-Related Claim against Defendants Grommel and Wilson

Plaintiff alleges that Defendants Grommel and Wilson conspired to charge him with a false misconduct. The Fourteenth Amendment of the United States Constitution provides in pertinent part that: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. XIV. The filing of a false disciplinary misconduct alone does not violate a prisoner's constitutional rights, even if it may result in the deprivation of a protected liberty interest. *See Hutchinson v. Kosakowski*, 2015 WL 3737656, at *4 (M.D. Pa. 2015) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). However, inmates must be provided due process of law prior to being deprived of a protected liberty interest. *Id.* Accordingly, "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." *Id.* (citing *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002); *Freeman*, 808 F.2d at 953).

The fact that Plaintiff was found guilty at a misconduct hearing is not in itself a due process violation. Due process protections attach in prison disciplinary proceedings in which the loss of good-time credits is at stake. *See Wolff v. McDonnell*, 418 U.S. 539, 564-

65 (1974). In *Wolff*, the Supreme Court held that an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Because Plaintiff did not suffer a loss of good conduct time, the *Wolff* protections are inapplicable.

Moreover, the Due Process Clause does not provide protection against the imposition of discipline, including disciplinary confinement and the loss of various privileges inasmuch as these other forms of discipline do not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995)). Confinement in administrative or punitive segregation is insufficient, without more, to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest. *Sandin*, 515 U.S. at 486; *see Griffin v. Vaughn*, 112 F.3d 703, 706-07 (3d Cir. 1997). Because Plaintiff's ninety days of disciplinary confinement did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life, his due process claim arising out of disciplinary proceedings will be dismissed.

Plaintiff also alleges that Defendants Grommel and Wilson "conspired" to issue a

false misconduct. In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392, 400 (3d Cir. 2003). "Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively*, 783 F.Supp. 922, 928 (M.D. Pa. 1992). The plaintiff's allegations of a conspiracy "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives." *Id.* A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991).

In a conclusory fashion, Plaintiff states that Defendants Grommel and Wilson conspired to issue a false misconduct. (Doc. 1, p. 7, ¶ 5). Plaintiff fails to allege any facts showing an agreement or plan formulated and executed by these Defendants to achieve this conspiracy. (*See* Doc. 1). Plaintiff cannot rely on unsupported claims of conspiracy. Plaintiff's conspiracy claim amounts to nothing more than mere conjecture and bare

9

speculation. The law is clear that bare allegations of wrongdoing by a defendant, without any substantiating proof of an unlawful agreement, are insufficient to sustain a conspiracy claim. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (holding that conspiracy claims which are based upon a *pro se* plaintiff's subjective suspicions and unsupported speculation are properly dismissed under § 1915(d)). The Court finds that Plaintiff failed to plead facts which would reveal the existence of an agreement designed to deny his constitutional rights. See Hodge v. United States, 2009 WL 2843332, *11 (M.D. Pa. 2009) (dismissing plaintiff's "broad" conspiracy claim because "he does not aver facts sufficient to establish an agreement between the individual defendants to deprive plaintiff of his rights or from which such an agreement could reasonably be inferred"). Consequently, Defendants' motion will be granted on this ground.

## V. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules

allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). For the reasons set forth above, the Court concludes that granting leave to amend with respect to the claims against Defendant Mahally, and the misconduct-related and conspiracy claims against Defendants Grommel and Wilson would be futile.

## VI. Conclusion

Based on the foregoing, Defendants' partial motion to dismiss will be granted. A separate Order shall issue.

Dated: June ___, 2019

Robert D. Mariani
United States District Judge