IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WILSON, | : | Civil No. 3:18-cv-1637 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| LAWRENCE P. MAHALLY, DENNIS GROMEL, and C.O. WILSON, | : | |
| Defendants | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

On August 17, 2018, Plaintiff Kevin Wilson, an inmate who was confined at all relevant times at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas"), initiated this action pursuant to 42 U.S.C. § 1983. Following the completion of discovery and the disposition of dispositive motions, remaining are Plaintiff's claims of denial of medical care and failure to protect, both in violation of the Eighth Amendment, against Defendants Correctional Officers Dennis Gromel and Christopher Wilson as the result of events which occurred on the evening of February 3, 2018.

Trial in this case is currently scheduled to commence on December 11, 2023.

Presently before the Court is Plaintiff's Motion *in Limine* to Exclude Evidence Regarding his Convictions and Sentence (Doc. 130).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

Plaintiff's Motion *in Limine* to Exclude Evidence Regarding his Convictions and Sentence (Doc. 130) requests that the Court preclude evidence of his prior convictions as well as the length of the sentence of incarceration that he is currently serving. In response, Defendants state that they do not oppose Plaintiff's Motion with respect to his narcotics convictions in 2003 and 2004 or with respect to his 2012 attempted murder conviction. (Doc. 137, at 1, 3). However, Defendants argue that Plaintiff's 2012 conviction for robbery is admissible for impeachment purposes pursuant to Fed. R. Evid. 609. (*Id.* at 2-6).

In relevant part, Rule 609 provides that:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>    **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>       **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; . . .

Fed. R. Evid. 609(a). However, if more than ten years have passed since the witness' conviction or release from confinement, whichever is later, then the conviction is only admissible if "its probative value, supported by specific facts and circumstances,

3

substantially outweighs its prejudicial effect" and the proponent of the evidence "gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

Here, it is undisputed that Plaintiff Wilson was convicted of a crime punishable for more than one year, i.e. robbery, and that he remains incarcerated at this time for his August, 2012, conviction. Thus, subject to the balancing test of Rule 403, this crime "must be admitted" pursuant to Rule 609(a)(1).[1]

Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In determining whether the probative value of a prior criminal conviction is substantially outweighed by the prejudicial effect of admitting that conviction in a civil case, the Third Circuit has "directed that four factors should be weighed against the potential for prejudice in admitting a conviction: (1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the

---

[1] Rule 609(a)(2) requires that evidence of a prior conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." Fed. R. Evid. 609(a)(2). However, the Third Circuit has concluded that the crime of robbery does not involve dishonesty or false statements such as to render that conviction automatically admissible. See Walker v. Horn, 385 F.3d 321, 334 (3d Cir. 2004) ("[A]lthough robbery is certainly a very serious crime, it does not involve communicative or expressive dishonesty. Therefore, the district court erred by holding that robbery is a crime involving dishonesty that is automatically admissible under Rule 609(a)(2)."). Thus, this Court applies the balancing test required by Rule 403 in determining the admissibility of Plaintiff's robbery conviction at the upcoming civil trial.

4

importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand." *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir.2007) (citing *Gov't of the Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir.1982))).

With respect to the first factor, when evaluating the nature of the conviction, "courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014). "[O]ften, crimes of violence are less probative of honesty than are crimes involving deceit or fraud." *Sharif v. Picone*, 740 F.3d at 273. Additionally, "[w]ith respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Caldwell*, 760 F.3d at 286.

As explained, *supra* n.1, a conviction for robbery does not categorically qualify as a crime involving a dishonest act or false statement for purposes of Rule 609(a)(2). However, "'[i]n common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. . .'" *Sharif*, 740 F.3d at 273 n.10 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)). Wilson's crime of robbery, which necessarily involves an act of stealing, thus borders on those types of crimes which can be deemed to adversely reflect on his character for truthfulness. Furthermore, the nature of Wilson's conviction for robbery is

not related to the issues at trial, to wit, Eighth Amendment claims of denial of medical care and failure to protect. Thus, the first factor weighs in slightly in favor of admitting the conviction for robbery.

The second factor – the time elapsed since the conviction – weighs against admission of the conviction. Wilson was convicted of robbery and attempted murder in August of 2012, more than 11 years ago. Although Wilson remains incarcerated on this conviction, and therefore is not subject to the ten-year limitation on using evidence set forth in Rule 609(b), "even where the conviction is not subject to the ten-year restriction, 'the passage of a shorter period can still reduce [a prior conviction's] probative value.'" *Caldwell*, 760 F.3d at 287 (quoting Wright & Gold, Federal Practice and Procedure § 6134, at 258). *Cf. Sharif*, 740 F.3d at 273 ("When a prior conviction is not 'remote in time' from the time of trial, it is more relevant to the case at hand than when it is an older conviction.") (citing for comparison Seventh Circuit case wherein conviction in the last six months was highly probative with Eastern District of Pennsylvania case where eight year old conviction was deemed to have diminished probative value). Here, the 11-years that have elapsed since the time of Wilson's conviction for robbery render the conviction too remote in time to be anything more than minimally probative.

In addition, the overlapping third and fourth factors, *see Sharif*, 740 F.3d at 273, specifically the importance of Plaintiff Wilson's testimony to the case and the importance of

his credibility to his present claims, weigh against the admission of the conviction for robbery.[2]

Wilson's testimony is clearly significant at trial where he will be testifying as to his recollection of the events underlying his claims. However, while Defendants assert that Plaintiff is "presumably, the only witness testifying on his behalf" (Doc. 137, at 5), the record presently belies this assertion. Plaintiff has subpoenaed two inmates to appear at trial, at least one of whom is expected to testify that he witnessed one of the attacks on Plaintiff Wilson that underlies Plaintiff's claims at trial. (*See* Doc. 92-2 (Declaration of Raymond Bruton); Doc. 145 (granting Plaintiff's request for a writ of habeas corpus ad testificandum for Raymond Bruton)). It is indisputable nonetheless that Plaintiff's credibility is a critical issue in this case. This Court recognizes that "[w]hen the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction," *Caldwell*, 760 F.3d at 288. However, at least in the criminal context, the Third Circuit has also "acknowledge[d] the tension between the related third and fourth factors", i.e. the apparent tension between the importance of the witness/defendant's testimony to the case with the importance of the credibility of the witness/defendant, *Caldwell*, 760 F.3d at 287 n. 14. Here, by virtue of the claims presented by Plaintiff (Eighth Amendment violations of his rights by correctional officers while incarcerated), the date of these alleged violations (February of 2018) and the

---

[2] The case law cited herein, in particular with respect to the third and fourth factors, must be examined in light of the civil nature of this case where the need for the plaintiff to testify generally lies at the heart of the plaintiff's ability to attempt to prove his claims and survive a Fed. R. Civ. P. 50 motion.

jury's awareness that Plaintiff is currently incarcerated five years later, the nature of the conviction itself is of minimal probative value. *See Tabron v. Grace*, 898 F.Supp. 293, 296 (M.D.Pa. 1995) ("The mere fact of incarceration in a state correctional institution, however, is a significant tool for undermining the credibility of an inmate witness, and that incarceration will become known to the jury in this case, as happens in any Eighth Amendment action brought by a state inmate."). Where the jury is already aware that Plaintiff has committed at least one criminal offense and was incarcerated in 2018 and is currently incarcerated, the admission of the nature of the criminal conviction itself is highly prejudicial to Plaintiff and of little probative value with respect to Plaintiff's claims at trial or to the defenses of Corrections Officers Wilson and Gromel.[3]

Although the Court finds that the probative value of the robbery conviction is substantially outweighed by a danger of unfair prejudice and misleading the jury, upon

---

[3] In addition to the probative value of the robbery conviction being substantially outweighed by a danger of unfair prejudice, the probative value of this conviction is also substantially outweighed by a danger of misleading the jury. As summarized by the Superior Court of Pennsylvania when affirming Wilson's appeal from the lower court's November 16, 2012 aggregate judgment of sentence of 20 to 40 years' imprisonment, followed by 15 years' probation:

> [Wilson] was sentenced at count 1, criminal attempt—murder of the first degree, to 20 to 40 years' imprisonment; count 2, aggravated assault, merged with count 1; count 3, robbery, 10 years' probation consecutive to count 1; count 4, possession of a firearm, five years' probation consecutive to count 3; and on count 7 firearms not to be carried without a license and count 9, PIC, no further penalty was imposed.

*Comm. v. Wilson*, 2014 WL 10588739 (Pa. Super. Ct. Sept. 22, 2014). Wilson's current incarceration is thus the result of his conviction for attempted murder, not for robbery for which he received a sentence of probation. Presenting the jury with evidence that Wilson was convicted of robbery creates a significant danger of misleading the jury to believe that his incarceration in 2018 was due to a criminal conviction for robbery.

consideration of the Rule 403 balancing factors and the dictates of Rule 609(a), the Court will permit Defendants to question Plaintiff as to whether he has been convicted of a felony for impeachment purposes. Defendants will not be permitted to introduce evidence concerning the nature or circumstances of any of Plaintiff's criminal convictions.

For these reasons, a Rule 403 balancing analysis leads this Court to conclude that the probative value of Wilson's prior criminal conviction for robbery in 2012 is substantially outweighed by the prejudicial and misleading effect of admitting that conviction in a civil case such as this. Plaintiff's motion to exclude this evidence, as well as evidence of the length of his sentence, will be granted with the exception that Defendants' may inquire as to whether Plaintiff has been convicted of a felony offense.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion *in Limine* to Exclude Evidence Regarding his Convictions and Sentence (Doc. 130) will be granted as modified herein. A separate Order follows.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge