IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WILSON, | Civil No. 3:18-cv-1637 |
| Plaintiff | (Judge Mariani) |
| v. | |
| LAWRENCE P. MAHALLY, DENNIS GROMEL, and C.O. WILSON, | |
| Defendants | |

## MEMORANDUM OPINION

### I. INTRODUCTION

On August 17, 2018, Plaintiff Kevin Wilson, an inmate who was confined at all relevant times at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas"), initiated this action pursuant to 42 U.S.C. § 1983. Following the completion of discovery and the disposition of dispositive motions, remaining are Plaintiff's claims of denial of medical care and failure to protect, both in violation of the Eighth Amendment, against Defendants Correctional Officers Dennis Gromel and Christopher Wilson as the result of events which occurred on the evening of February 3, 2018.

Trial in this case is currently scheduled to commence on December 11, 2023.

Presently before the Court is Plaintiff's Motion *in Limine* to Exclude Evidence Regarding his Misconduct History (Doc. 132).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

2

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

Plaintiff's Motion *in Limine* to Exclude Evidence Regarding his Misconduct History (Doc. 132) requests that the Court preclude evidence "related to his misconduct history because it is irrelevant and unfairly prejudicial." In response, Defendants argue that Plaintiff's misconduct history which includes misconduct B974992 and related appeals are relevant and directly implicated by Plaintiff and do not constitute improper character evidence under Fed. R. Evid. 404(b). Defendants nonetheless "do not object to the redaction of any other misconducts that are not related to the February 3, 2018 matter" unless Plaintiff opens the door to this testimony. (Doc. 156, at 4).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of .

. . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

In addition, Federal Rule of Evidence 404, "Character Evidence; Other Crimes, Wrongs or Acts," provides in pertinent part that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) directs that evidence of prior bad acts be excluded – unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017) (internal quotation marks omitted).

Here, in light of Defendants' concession that, absent Plaintiff opening the door to the admissibility of other misconduct, they will only attempt to introduce evidence of Plaintiff's misconduct history and appeals related to the February 3, 2018 incidents, the Court will grant in part and deny in part Plaintiff's motion.

Preliminarily, the misconduct B974992 and related appeals do not implicate Rule 404(b) where they are not evidence of "prior" or "other" bad acts. Rather, misconduct

4

B974992 was written by Defendant Wilson on the same day as the altercation at issue and relates directly to Plaintiff's claims in the present action and the events underlying his claims. *Cf. United States v. Holt*, 460 F.3d 934 (7th Cir. 2006) ("if the evidence relates to acts concerning the chronological unfolding of events that led to an indictment, or other circumstances surrounding the crime, it is not evidence of 'other' acts, as Rule 404(b) uses the term. Instead, it is part of the story of the very offense for which the defendant is on trial, even if it only does something like completing that story or explaining the circumstances. Subject to Rule 403, which applies to all relevant evidence, evidence about these closely linked acts may be admitted.") (internal quotation marks and citations omitted).

This Court thus turns to whether misconduct B974992 and related appeals are admissible under Rule 403. Here, these documents are highly relevant to the present case in so far as they address one of the altercations at issue in this case. The first misconduct, B974992, was written by Defendant Wilson on the same day that the altercations occurred. The misconduct sets forth Defendant Wilson's personal observation and perception of the events at issue and goes to this defendant's state of mind and his purported deliberate indifference to a substantial risk that Plaintiff would be attacked by another inmate. Where Defendant Wilson claims that Plaintiff was fighting with inmate Outlaw during the second altercation and Plaintiff asserts that this is not true and that he was assaulted by inmates who had previously threatened him, Defendant Wilson's credibility is also directly at issue at trial. Finally, the introduction of this evidence is not unfairly prejudicial where the jury will

already be aware of the altercation at issue which is described in the misconduct report. As such, the misconduct and related appeals are highly probative of the issues to be determined by the jury and the admissibility of these documents does not present a substantial danger of unfair prejudice, confusing the issues, or misleading the jury pursuant to Rule 403.

For these reasons, the Court will deny Plaintiff's Motion *in Limine* to Exclude Evidence Regarding his Misconduct History (Doc. 132) with respect to the introduction of testimony and evidence, subject to Defendants laying the proper foundation for its authenticity and admissibility, relating to Plaintiff's February 3, 2018, misconduct and the subsequent appeals. The Court will grant Plaintiff's motion to preclude all other testimony and evidence as to his prior misconducts, subject to this ruling being revisited should Plaintiff open the door to such topics and Defendants timely request permission to utilize evidence of other misconducts.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion *in Limine* to Exclude Evidence Regarding his Misconduct History (Doc. 132) will be granted in part and denied in part as set forth herein. A separate Order follows.

Robert D. Mariani
United States District Judge